United States District Court
for the
Southern District of Florida

| Gilson Alberto Garcia Hernandez, Plaintiffs | ) ) ) | |
|---|---|---|
| v. | ) ) ) | Civil Action No. 19-20442-Civ-Scola |
| Lee Francis Cissna, Director of U.S. Citizenship and Immigration Services (USCIS); et al., Defendants | ) ) ) ) | |

## Order Granting Defendants' Motion to Dismiss

Plaintiff Gilson Alberto Garcia Hernandez ("Hernandez") brings this action for injunctive, declaratory, and mandamus relief against U.S. Citizenship and Immigration Services and individual defendants (collectively "Defendants") requesting that the Court order the Defendants to grant Hernandez's derivative asylum application. (ECF No. 1.) Now before the Court is the Defendants' motion to dismiss for lack of subject matter jurisdiction. (ECF No. 7.) Having reviewed the parties' submissions and the applicable law, the Court **grants** the Defendants' motion (**ECF No. 7**) as follows.

1. **Background**

Hernandez, a native and citizen of Honduras, entered the U.S. without inspection on August 11, 2007, at or near Laredo, TX. (ECF No. 7-1.) He was encountered by U.S. Customs and Border Protection (CBP) and issued a Notice to Appear, charging Hernandez as an alien unlawfully present in the United States. (*Id.*) As an unaccompanied minor, Hernandez was initially placed in the care of the Depart of Health and Human Services, Office of Refugee Resettlement (ORR). (ECF No. 7-2.) Hernandez was later released to the custody of his mother. (*Id.*) On June 5, 2008, Hernandez failed to appear before the immigration judge and was ordered removed in abstentia. (ECF No. 7-4.)

On April 12, 2013, Hernandez's father filed a Form I-589 Application for Asylum and for Withholding of Removal with the U.S. Citizenship and Immigration Services (USCIS). (ECF No. 1 at ¶ 11.) The application included Hernandez and his mother as derivative beneficiaries. On June 6, 2013, the asylum office issued Hernandez's father a provisional Notice of Recommended Approval of his asylum application. (ECF No. 7-5.) The notice included Hernandez's mother but did not include Hernandez. (*Id.*) Instead, the asylum office issued Hernandez a No Jurisdiction Letter. (ECF No. 7-6.) The letter

advised the Plaintiff that USCIS lacked jurisdiction to proceed on his derivative request for asylum because of his in absentia order. (*Id.* ("Asylum regulations provide that only an immigration judge may adjudicate the asylum application of an individual in proceedings before an immigration court.").)

Hernandez then filed a Joint Motion to Reopen and Terminate proceedings with the immigration court on the basis of his father's recommended approval and the lack of USCIS jurisdiction. The immigration judge granted the motion and terminated proceedings on February 20, 2014. (ECF No. 7-7.) However, the record does not indicate that Plaintiff took any further action to notify USCIS of this decision. (ECF No. 7 at ¶ 5.) Hernandez subsequently filed a Form I-485, Application to Register Permanent Residence or Adjust Status on the purported basis of derivative asylee status. USCIS denied that application on October 17, 2016 because Plaintiff had never been granted derivative asylee status from which he could adjust. (ECF No. 7-9.)

On October 4, 2018, Hernandez was convicted for the offense of First Degree Felony Robbery with a Deadly Weapon, and Grand Theft in the Third Degree. (ECF No. 7 at ¶ 8.) He was sentenced to two years imprisonment, followed by two years probation and community control. (*Id.*)

Following Hernandez's convictions, Immigration and Customs Enforcement (ICE) issued Plaintiff a Notice of Intent to Issue a Final Administrative Removal Order and referred him to a reasonable fear screening because Hernandez expressed fear of persecution or torture if returned to Honduras. (ECF No. 7-11.) An asylum officer interviewed Hernandez on February 20, 2019 and made a positive reasonable fear determination and referred Hernandez to the immigration court. (ECF No. 7-12.) At the time the Government's motion was filed, Hernandez was scheduled for a master calendar hearing before the immigration Judge on April 25, 2019 to consider his eligibility for withholding of removal. (ECF No. 7-13.)

Hernandez filed his complaint on February 1, 2019 seeking injunctive, declaratory, and mandamus relief. (ECF No. 1.) Hernandez believes that USCIS unlawfully denied him derivative asylee status in 2013. Hernandez asks this Court to compel USCIS to grant him derivative asylum status. (*Id.*)

## 2. Legal Standard

The Federal Rules of Civil Procedure require the dismissal of a claim if a court lacks subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1), (h)(3). The party bringing the underlying claim bears the burden of establishing federal subject matter jurisdiction. *Sweet Pea Marine, Ltd. V. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) (examining diversity jurisdiction under 28 U.S.C.§ 1332); *Wallace v. Secretary, U.S. Dept. of Homeland Sec.*, 616 Fed. App'x 958, 959 (11th

Cir. 2015). Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms: "facial attacks" and "factual attacks." *Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint. *Carmichael v. Kellogg, Brown & Root Servs., Inc.,* 572 F.3d 1271, 1279 (11th Cir. 2009). Factual attacks, on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings," and the court will consider "matters outside the pleadings, such as testimony and affidavits." *Lawrence,* 919 F.2d at 1529 (internal quotation marks omitted).

On a factual attack, a court's ability to consider matters outside of the complaint hinges on whether the attack implicates the merits of plaintiff's complaint. *Id.* "Jurisdiction becomes intertwined with the merits of a cause of action when a [federal] statute provides the basis for both the subject matter jurisdiction . . . and the plaintiff's substantive claim for relief." *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel,* 657 F.3d 1159, 1169-70 (11th Cir. 2011) *cert. denied,* 132 S. Ct. 2379 (U.S. 2012) *and cert. denied,* 132 S. Ct. 2380 (U.S. 2012) *and cert. denied,* 132 S. Ct. 2380 (U.S. 2012).

Further, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Garcia v. Copenhaver, Bell & Assocs.,* 104 F.3d 1256, 1261 (11th Cir. 1997); *see Lawrence,* 919 F.2d at 1529. However, if a jurisdictional challenge implicates the merits of the underlying claim, then generally, the court may not dismiss the complaint for lack of subject matter jurisdiction. *Garcia,* 104 F.3d at 1261. Thus, these claims are decided under "Rule 56 summary judgment standard." *Lawrence,* 919 F.2d at 1530. Accordingly, "the defendant is forced to proceed under Rule 12(b)(6) . . . or Rule 56 . . . both of which place great restrictions on the district court's discretion." *Lawrence,* 919 F.2d at 1529 (alteration in original).

3.  **Analysis**

The Government moves to dismiss Hernandez's complaint for lack of subject matter jurisdiction. (ECF No. 7.) According to the Government, because Section 242(g) of the INA bars the district court's jurisdiction to hear claims "arising from" the Attorney General's decision to "commence proceedings, adjudicate cases, or execute removal orders," Hernandez's complaint must be dismissed. (*Id.* at 8.) In response, Hernandez argues that the Attorney General and the removal proceedings that he is currently facing "have nothing to do with the relief requested." (ECF No. 1 at 2.) According to Hernandez, his complaint does not "arise from" a decision from the Attorney General to commence proceedings or adjudicate his case, but rather USCIS's decision to deny him

derivate asylum status. (*Id.* at 5.) Upon careful review, the Court agrees with the Government that it lacks subject matter jurisdiction, but not for the reasons stated by the Government's motion.

The Court agrees with Hernandez when he states that the current removal proceedings "have nothing to do with the relief requested." (*Id.* at 2.) The Government cites no case law for the proposition that USCIS's decision to decline a derivative asylum application in 2013 is equivalent to the Attorney General's "adjudication" of Hernandez's case. In an effort to fit Hernandez's case into Section 242's jurisdictional bar, the Government conflates Hernandez's current petition to this Court with his removal proceedings. The Government argues the following: "Plaintiff requests that the Court compel USCIS to adjudicate and approve his derivative asylum claim. To seek asylum, with USCIS, an alien must not be in removal proceedings." (ECF No. 7 at 2.) The Government then argues that under the REAL ID Act, the only way to challenge a final order of removal is through the appellate courts. (*Id.*) While these are correct statements of the law, Hernandez is not challenging the current removal proceedings. He is challenging USCIS's 2013 decision not to grant him derivative asylee status. Whether he is currently in removal proceedings or had brought this claim before his removal proceedings commenced, the Court's analysis would remain the same.

The Court holds that it lacks subject matter jurisdiction to consider this case under the Mandamus Act, the Administrative Procedure Act (APA), and the Declaratory Judgment Act. Under the Mandamus Act, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. That provision, however, offers a remedy only where the government official or agency owes the petitioner a clear nondiscretionary duty. *Bessenyei v. U.S. Dep't of Homeland Security*, No. 05-22177, 2006 WL 8433899, at *8 (S.D. Fla. March 1, 2006) (Cooke, J.); *Huli v. Way*, 393 F. Supp. 2d 266, 269-70 (S.D.N.Y. 2005). Courts to consider this issue have held that "[t]he decision to grant derivative asylum status in entirely discretionary." *Huli*, 393 F. Supp. 2d at 270; *Opopko v. Heinauer*, 796 F. Supp. 2d 305, 315 (D.R.I. 2011). The statutory language pertaining to derivative asylum states that the government "may" grant asylum to a spouse or a child. 8 U.S.C. § 1158(b)(3)(A). "Because mandamus does not lie to direct an agency to rule in a particular way on a decision within its discretion, Section 1361 does not provide jurisdiction in this proceeding." *Huli*, 393 F. Supp. 2d at 270.

Hernandez also argues that this Court has jurisdiction under the APA. The APA, provides for review of government action "except to the extent that . . . agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). Like the Mandamus Act, because the decision to deny Hernandez derivative asylum

status is discretionary, the APA cannot confer jurisdiction upon this court. *See Ngassam v. Chertoff*, 590 F. Supp. 2d 461, 464 (S.D.N.Y. 2008) ("Therefore, USCIS's decision to deny derivative asylum status to [plaintiff]'s children is exempt from review under the APA because it is discretionary.").

Hernandez's complaint also asserts jurisdiction under the Declaratory Judgment Act. "However, the Declaratory Judgment Act does not independently confer jurisdiction upon federal courts." *Bessenyei*, 2006 WL 8433899 at *3. Jurisdiction must exist by virtue of another statutory or constitutional basis. *Id.* Therefore, the Declaratory Judgment act cannot serve to confer jurisdiction over Hernandez's claims. *Id.*

Lastly, Hernandez cites 28 U.S.C. § 1331, federal question jurisdiction, as a basis for subject matter jurisdiction. Like the Declaratory Judgment Act, Section 1331 does not independently confer subject matter jurisdiction. *Bessenyei*, 2006 WL 8433899 at *4. Although not specifically argued as a basis for jurisdiction, Hernandez asserts that the government has violated the INA, a federal statute. (*See* ECF No. 1 at 7.) However, "subject matter jurisdiction cannot be obtained pursuant to the INA." *Bessenyei*, 2006 WL 8433899 at *4. The INA "does not create a cause of action or a federally-protected right or interest in derivative asylum status, such as it does not confer an alien a right to remain in the United States." *Ngassam*, 590 F. Supp. 2d at 465.

**4.   Conclusion**

For the foregoing reasons, the Court **grants** the Government's motion to dismiss (**ECF No. 7).** This action is dismissed for lack of subject matter jurisdiction. The Clerk is directed to **close** this case.

**Done and ordered** in chambers, at Miami, Florida, on June 27, 2019.

Robert N. Scola, Jr.
United States District Judge